Filed 6/26/15  Piercy v. Rodriguez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DAVID N. PIERCY,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>SANTIAGO RODRIGUEZ,<br><br>    Defendant and Respondent. | F069752<br><br>(Super. Ct. No. 14CECG01235)<br><br>**OPINION** |

### THE COURT*

APPEAL from an order of the Superior Court of Fresno County.  Carlos Cabrera, Judge.

David N. Piercy, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

-ooOoo-

---

\*      Before Levy, Acting P.J., Gomes, J. and Detjen, J.

Upon appellant's application, the trial court issued a temporary restraining order enjoining respondent from harassing appellant under Code of Civil Procedure section 527.6. However, following a hearing, the trial court denied appellant's request for an injunction against respondent.

Appellant contends the trial court erred on numerous grounds. According to appellant, respondent's conduct falls within the scope of Code of Civil Procedure section 527.6, the court improperly excluded certain evidence, the court erred in denying appellant's requests for a continuance of the hearing, the court erred in failing to provide a court reporter for the hearing, and the court should have granted his motion to disqualify respondent's attorney.

Appellant has failed to demonstrate reversible error. Accordingly, the order will be affirmed.

## BACKGROUND

Appellant filed a request for a civil harassment restraining order seeking protection from respondent. Appellant also asked for protection for his wife and his stepdaughter. According to appellant, respondent made threatening and harassing telephone calls, left unwelcome messages on Facebook and twitter, and posted harassing videos on the internet.

On May 5, 2014, the trial court issued a temporary restraining order to remain in effect until the injunction hearing scheduled for June 2, 2014.

Appellant filed two requests to continue the June 2 hearing on the ground that he had not yet been able to serve respondent with the order because respondent lives in Los Angeles County. The trial court denied the first request, filed May 13, because appellant still had time to serve the documents on respondent. The trial court denied the second request, filed May 27, because respondent had contacted the court and stated that he would be present.

2.

Before the hearing, respondent submitted a declaration denying appellant's allegations. Rather, respondent declared that it was appellant who had engaged in harassing conduct.

Following the hearing, the trial court denied appellant's request for a permanent injunction. The court also denied respondent's request for attorney fees. A court reporter was not present at the hearing.

## DISCUSSION

A general principle of appellate practice is that the lower court order is presumed to be correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "'All intendments and presumptions are indulged to support [the order] on matters as to which the record is silent, and error must be affirmatively shown.'" (*Ibid*.)

It should first be noted that there is no reporter's transcript of the injunction hearing. Thus, we must presume the trial court's rulings at the hearing were proper.

Appellant contends he was denied due process because the trial court failed to provide a court reporter. However, it is up to the parties in a civil case to provide a reporter's transcript at their own expense. (*City of Rohnert Park v. Superior Court* (1983) 146 Cal.App.3d 420, 430-431.) Appellant was not entitled to either a court reporter or a reporter's transcript unless he paid for it himself.

Granting or denying an injunction rests in the sound discretion of the trial court upon a consideration of all the particular circumstances of each individual case. The trial court's judgment will not be disturbed on appeal except for an abuse of discretion. (*Professional Engineers v. Department of Transportation* (1997) 15 Cal.4th 543, 562.)

Appellant argues the injunction should have been granted. He claims the existence of the harassment was independently corroborated by witnesses and the likelihood of future harassment was clearly established. In effect, appellant contends the trial court's ruling is not supported by substantial evidence.

3.

However, what little record there is on appeal does not support appellant's position. While the record includes appellant's declarations outlining the alleged harassment and a declaration from Vicki L. Pate supporting appellant's claims, it also includes respondent's declaration that directly contradicts the declarations that were submitted by appellant. Respondent declared that it was appellant who was engaging in the harassing conduct. Further, contrary to appellant's claim, respondent did not admit to making harassing telephone calls. Rather, respondent stated he called appellant one time and requested that appellant leave his family alone. Respondent also made one call to the person he believed to be appellant's social worker to complain about being harassed by appellant.

Under the substantial evidence standard, we must accept as true all the evidence that tends to establish the correctness of the trial court's findings and resolve every conflict in favor of the order. (*Sabbah v. Sabbah* (2007) 151 Cal.App.4th 818, 822-823.) Applying this standard, we conclude that substantial evidence supports the trial court's ruling. Without a reporter's transcript, we must presume that the evidence presented at the hearing also supports the ruling and that the trial court did not abuse its discretion.

Appellant further argues the trial court made evidentiary errors. According to appellant, the trial court incorrectly admitted two misleading exhibits introduced by respondent and improperly excluded police reports, emails, videos, and telephonic witness testimony proffered by appellant.

A trial court's ruling on the admissibility of evidence is reviewed for abuse of discretion. (*Pannu v. Land Rover North America, Inc.* (2011) 191 Cal.App.4th 1298, 1317.) Thus, the ruling is subject to reversal on appeal only where the trial court exceeded the bounds of reason. (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478.)

Again, there being no reporter's transcript of the hearing, we must presume the trial court's rulings on the evidence were correct. Thus, appellant has not demonstrated that the trial court's rulings exceeded the bounds of reason.

4.

Appellant additionally asserts the trial court abused its discretion when it denied his continuance requests.  As noted above, these requests were based on appellant not being able to serve respondent.  However, respondent received actual notice of the temporary restraining order and personally appeared in court.  Thus, a continuance was not required.  Accordingly, the court did not abuse its discretion in denying appellant's requests.

Finally, appellant argues the trial court abused its discretion when it denied his motion to disqualify respondent's counsel.  However, without a transcript of the hearing, we must presume the trial court's ruling was correct.

## DISPOSITION

The order is affirmed.  No costs on appeal are awarded.